# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXEL E. CALDERON; and PAULA E. RIVERA,<br><br>                                   Plaintiff,<br><br>vs.<br><br>DAVID R. ENDRES, APC; DEUTSCHE BANK NATIONAL TRUST COMPANY; ETS SERVICES, LLC; NEW CENTURY MORTGAGE CORPORATION; NC INSURANCE SERVICES, INC. dba HOME 123 INSURANCE SERVICES; THE ENDRES LAW FIRM; and DOES 1 through 10,<br><br>                                   Defendants. | **CASE NO. 09-CV-00874-H (JMA)**<br><br>**ORDER GRANTING DEFENDANT DEUTSCHE BANK'S MOTION TO DISMISS** |

On April 27, 2009, Defendant Deutsche Bank National Trust Company as Trustee under Pooling and Servicing Agreement dated as of March 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR1 ("Deutsche Bank"), erroneously named as "Deutsche Bank National Trust Company," removed this case from the California Superior Court in and for the County of San Diego. (Doc. No. 1.)  On April 28, 2009, Defendant Deutsche Bank filed a motion to dismiss Plaintiffs Axel Calderon and Paula Rivera's ("Plaintiffs") first amended complaint ("FAC"). (Doc. No. 2.)  Plaintiffs, proceeding pro se, did not file a response in opposition.

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determined this matter

1  is appropriate for resolution without oral argument and submitted the matter on the papers on
2  June 25, 2009.  (Doc. No. 6.)  For the reasons set forth below, the Court grants Defendant
3  Deutsche Bank's motion to dismiss.

### **Background**

5  Plaintiffs' FAC arises from foreclosure proceedings on their home.  The caption on
6  Plaintiffs' FAC lists causes of action for (1) request for promissory note; (2) violation of
7  GAAP, RESPA, TILA and California UCC; and (3) violation of the Fair Debt Collection
8  Practices Act. (Doc. No. 1, Ex. A, FAC.)  It also appears from Plaintiffs' FAC that Plaintiffs
9  allege a violation of California Civil Code § 2923.5.  (Id.)

10  In or about October 10, 2006, Plaintiffs sought and obtained a refinance loan secured
11  by real property located at 672 Elaine Avenue, Oceanside, California 92057 (the "Property").
12  (Id. at 1-2; Doc. No. 2, Ex. 1.)  Plaintiffs executed an Adjustable Rate Note ("Note") promising
13  to repay $504,000 to Defendant New Century Mortgage Corporation, which was secured by
14  a Deed of Trust on the Property. (Doc. No. 2, Exs. 1 & 2.)  The Deed of Trust was recorded
15  in the San Diego County Recorder's Office at Document No. 2006-0750689 on October 23,
16  2006. (Id. Ex. 2.) The Deed of Trust provided that Mortgage Electronic Registration Systems,
17  Inc. was acting as nominee for the lender as beneficiary under the security agreement. (Id. Ex.
18  2.)

19  On August 16, 2007, due to Plaintiffs' failure to comply with the terms of the Loan,
20  foreclosure proceedings against the Property were initiated with the recording of a Notice of
21  Default and Election to Sell Under Deed of Trust ("Notice of Default") in the San Diego
22  County Recorder's Office at Document No. 2007-0547738.  (Id. Ex. 3.)  A substitution of
23  Trustee was recorded in the San Diego County Recorder's Office on May 6, 2008, at
24  Document No. 2008-0241642, which substituted Defendant Executive Trustee Services, LLC
25  as the new Trustee under the Deed of Trust.  (Id. Ex. 4.)  On August 8, 2008, a Notice of
26  Trustee's Sale was recorded at Document No. 2008-0424152 in the San Diego County
27  Recorder's Office.  (Id. Ex. 5.)    The foreclosure sale occurred on October 1, 2008, where
28  Defendant Deutsche Bank purchased the Property. (Id. Ex. 6.)  The Trustee's Deed Upon Sale

1   was recorded in the San Diego County Recorder's Office on October 21, 2008 at Document
2   No. 2008-0546596.  (Id. Ex. 6.)
3        Plaintiffs filed their amended complaint on January 30, 2009.  (Doc. No. 1, Ex. A,
4   FAC.)  Defendant Deutsche Bank now moves to dismiss Plaintiffs' FAC for failure to state a
5   claim upon which relief may be granted.  (Doc. No. 2.)  Defendant Deutsche Bank also filed
6   a request for judicial notice of the various documents filed with the San Diego County
7   Recorder's Office and a copy of a Debt Elimination Scams alert published by the Office of the
8   Comptroller of Currency.  (Doc. No. 2, Exs. 1-7.)

## Discussion

### I. Motion to Dismiss Pursuant to 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001).  A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion.  Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 556).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  "All allegations of material fact are taken as true and construed in the light most favorable to

plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 127 S.Ct. at 1964–65.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n .19 (9th Cir.1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994). In evaluating a motion to dismiss, a court may consider evidence on which the complaint "necessarily relies" as long as: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Additionally, the Court may take judicial notice of matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir.2001). Thus, the Court takes judicial notice of the various documents filed with the San Diego County Recorder's Office that are specifically referred to in Plaintiffs' FAC and that are publicly filed documents.

Plaintiffs' FAC is not an organized pleading enumerating causes of action and pleading facts supporting such causes of action, but a series of paragraphs appearing to discuss actions taken by various defendants named by the FAC interposed with quotations and citations to various legal sources, many of which appear to be non-binding authority on this Court. The Court, therefore, addresses the listed causes of action in the FAC caption and other possible causes of action raised by Plaintiffs in the FAC.

**A. Request for Promissory Note**

Plaintiffs' FAC states, "Plaintiff is requesting as to who has the original signed, and sealed promissory note executed by Plaintiff in reference to the 'property' and this must be answered therefore Plaintiff under the Federal Statutes has the right to demand the location of their 'note.'" (Doc. No. 1, Ex. A, FAC at 3.) Plaintiffs do not indicate what "Federal Statutes" they are referring to, but Plaintiffs do cite to the Uniform Commercial Code § 3-309, which addresses when a person not in possession of an instrument due to loss of possession,

destruction of the instrument, or lost instrument is entitled to enforce the instrument.

The California statute governing non-judicial foreclosure is codified in the California Civil Code at § 2924, et seq. This statute establishes an exhaustive comprehensive statutory framework governing non-judicial foreclosure sales and covers every aspect of exercise of the power of sale contained in a deed of trust. Moeller v. Lien, 30 Cal.Rptr.2d 777 (Cal. Ct. App. 1994); I. E. Assocs. v. Safeco Title Ins. Co., 29 Cal.Rptr.438 (Cal. 1985). The statute does not require the entity initiating the foreclosure sale to provide evidence to the borrower or a court establishing its right to do so, nor does it require that entity to have possession of the note. Because there is no evidence suggesting that Defendants do not have the right to foreclose on the Property and Defendant Deutsche Bank did not have the right to buy the Property, Plaintiffs' allegation is purely speculative. Under Twombly, this allegation cannot survive a motion to dismiss. 127 S.Ct. at 1965. Furthermore, because California law does not require production of the original note in order to proceed with a non-judicial foreclosure, any claim Plaintiffs base on the allegation that Defendant Deutsche Bank or any Defendant had to produce the original Note to have foreclosed upon their home fails as a matter of law. CAL. CIV. CODE §§2924(a), et seq. Accordingly, the Court grants Defendant Deutsche Bank's motion to dismiss any claim by Plaintiffs of wrongful foreclosure based upon failure to produce the original Note.

**B. Violation of GAAP, TILA, RESPA, and California UCC**

Plaintiffs' FAC lists violation of GAAP, TILA, RESPA, and California UCC in the caption to the FAC. (See Doc. No. 1, Ex. A, FAC.) Plaintiffs fail to state a claim against Defendant Deutsche under any of these theories.

**1. Generally Accepted Accounting Principles ("GAAP")**

Plaintiffs' FAC states that, "Plaintiff's [sic] are requesting that defendants prove that they are following GAAP and will that their books and records be produced as evidence of this." (Id. at 4.) The FAC further alleges that, "[t]he lenders violation of GAAP wherein they create money is fraudulent conversion making the contract, which the bank created with their policy of bookkeeping entries, illegal and the alleged contract is null and void." (Id. at 7.)

1    These are the only two places where GAAP is mentioned in the FAC. These sparse allegations
2    are insufficient to give Defendant Deutsche Bank fair notice of what the claim is in relation
3    to GAAP and the grounds upon which it rests. See Conley, 355 U.S. at 47. The FAC
4    therefore fails to state a claim upon which relief may be granted for a violation of GAAP, as
5    Plaintiffs' do not meet Rule 8(a)(2)'s requirement that a pleading stating a claim for relief
6    contain "a short and plain statement of the claim showing that the pleader is entitled to relief."
7    Accordingly, the Court dismisses Plaintiffs' claim for a violation of GAAP against Defendant
8    Deutsche Bank.

9        **2. Truth in Lending Act ("TILA")**

10   Plaintiffs list a violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§
11   1601, et seq., in the caption to their FAC, but TILA is not mentioned elsewhere in the FAC.
12   (See Doc. No. 1, Ex. A, FAC.) TILA seeks to protect credit consumers by mandating
13   "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). Its provisions impose certain
14   duties on creditors. The statute itself defines "creditor" as referring only to "the person to
15   whom the debt arising from the consumer credit transaction is initially payable on the face of
16   the evidence of indebtedness." 15 U.S.C. § 1602(f). TILA has been amended to extend
17   liability to assignees of the original creditor in certain situations. 15 U.S.C. § 1641(a).
18   However, this provision applies "only if the violation for which such action or proceeding is
19   brought is apparent on the face of the disclosure statement, except where the assignment was
20   involuntary." Id. Plaintiffs do not allege that any TILA violation was apparent from the face
21   of the disclosure statement and does not attach any such disclosure statement to the FAC.
22   Moreover, Plaintiffs have not alleged what purported provisions of TILA Defendant Deutsche
23   Bank has allegedly violated, when such violations occurred, or what alleged conduct by
24   Defendant Deutsche Bank violates such provisions. Therefore, Plaintiffs have not stated a
25   claim under TILA entitling Plaintiffs to relief. Accordingly, the Court dismisses Plaintiffs'
26   claim for a violation of TILA against Defendant Deutsche Bank.

27   Furthermore, the Court also notes that a request for any statutory damages under TILA
28   is subject to a one year statute of limitations, typically running from the date of the loan

execution. 15 U.S.C. §1640(e). Plaintiffs' loan was executed in October 2006 and Plaintiffs did not file this action until February 2009. (See Doc. No. 2, Ex. 1; Doc. No. 1, Ex. A, FAC.) Thus, it appears that any request by Plaintiffs' for damages under TILA is barred as a matter of law.

Plaintiffs also ask the Court to order the foreclosure sale cancelled. (Id. at 12.) However, the right of rescission under TILA terminates when the mortgage property is sold at a foreclosure sale. 15 U.S.C. § 1635(f) ("[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first...."). The foreclosure sale occurred on October 1, 2008. (Doc. No. 2, Ex. 6.) Therefore, Plaintiffs claim for rescission under TILA has expired and is barred as a matter of law.

### 3. Real Estate Settlement Procedures Act ("RESPA")

Plaintiffs' FAC lists a violation of the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, et seq., in the caption and alleges, "[s]omehow the total 'principle' [sic] shows an amount of $504,000 and was allegedly done in accordance with RESPA." (Doc. No. 1, Ex. A, FAC at 2.) Plaintiffs allege that on or about October 10, 2006, they signed a "Promissory Note" on Loan No. 1010155217 for $506,495.65. (Id.) Thus, Plaintiffs appear to claim a violation of RESPA by contending the Note they signed reflected the amount borrowed as $506,495.65 instead of $504,000.

The Note on Loan No. 101055217 states, "In return for a loan that I have received, I promise to pay U.S. $504,000 (this amount to be called 'principal'), plus interest to the order of the Lender . . . I understand the Lender may transfer this Note." (Doc. No. 2, Ex. 1.) The Note is signed by Plaintiff Calderon. (Id.) The Court may disregard allegations in a complaint if the allegations are contradicted by facts established in documents exhibited to or referenced in the complaint, or documents that are central to a plaintiff's claims even though not referenced. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Epstein, 83 F.3d at 1140 ("unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim "); see also Twombly, 127 S.Ct. at 1964–65. Plaintiffs have not

1  attached to the FAC a copy of the Note showing the amount they believe to have been
2  borrowed on Loan No. 1010155217, and the copy of the Note provided by Defendant Deutsche
3  Bank bears Plaintiff Calderon's signature. Because Plaintiffs' FAC is directly contradicted by
4  the principal amount listed on the Note provided to the Court, the authenticity of which has not
5  been disputed, the Court dismisses Plaintiff's RESPA claim based upon an alleged
6  misstatement of the amount borrowed.

7  Plaintiffs fail to allege any other conduct by Defendant Deutsche Bank or other
8  Defendants in violation of RESPA and fail to allege what provisions of RESPA Defendants
9  allegedly violated. The only other allegation in the FAC that appears directed at RESPA
10 states, "The servicing agent has 60 days to give defendant the owners [sic] name after it is
11 requested, 12 U.S.C.A. 'servicing agents.'" (Doc. No. 1, Ex. A, FAC at 5.) This allegation,
12 which appears to be more a statement of law than an allegation of conduct by any Defendant,
13 is insufficient to state a claim under RESPA.

14 **4. California Uniform Commercial Code ("UCC")**

15 Plaintiffs include in their FAC caption "violation of California UCC" and make various
16 references to the UCC in their FAC. Plaintiffs state, "If in fact under CUCC 3-309(a) 'a
17 person not in possession of an instrument may enforce it only if s/he was in possession of the
18 instrument at the time of loss of possession.'" (Doc. No. 1, Ex. A, FAC at 3.) Plaintiffs' FAC
19 also alleges that, "No consideration was given as required by the UCC." (Id. at 4.) Plaintiffs
20 allege, quoting a District of New Jersey case, "Under the Uniform Commercial Code the only
21 notice sufficient to inform all interested parties that a security interest in instruments has been
22 perfected is actual possession by the secured party, his agent or bailee." (Id. at 5.)

23 These allegations, although not clear, seem to allege a violation of the UCC based upon
24 failure of Defendants to produce the original Note. California law does not require production
25 of the original note in order to proceed with a non-judicial foreclosure. CAL. CIV. CODE
26 §§2924(a), et seq. Accordingly, any claim Plaintiffs base on the allegation that Defendant
27 Deutsche Bank or any Defendant had to produce the original Note under the UCC to have
28 foreclosed upon their home fails as a matter of law. The Court dismisses any claim Plaintiffs

1  bring against Defendant Deutsche Bank based upon a violation of the UCC.

2  **C. Violation of Fair Debt Collection Practices Act**

3       Plaintiffs include in their FAC caption a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, et seq. (Doc. No. 1, Ex. A, FAC.)  Plaintiffs allegations in regards to this cause of action state:

> ETS Services, LLC, New Service Mortgage Corporation, NC Services, Inc. and Defendants to be named later are in violation of Title VIII-Debt Collection Practices [Fair Debt Collection Practices Act] § 803.  Definitions [15 U.S.C. 1692a] As used in this title– (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business in the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

(Id. at 8-9.)  Plaintiffs do not allege that Defendant Deutsche Bank is a "debt collector" within the meaning of the statute.  In addition to not meeting the pleading requirements under the FDCPA's definition of "debt collector," Plaintiffs fail to plead what provisions of these acts Deutsche Bank allegedly violated and facts supporting any violations.  Deutsche Bank is not even included in the list of Defendants alleged to be "in violation" of the FDCPA.  A conclusory statement by a plaintiff that the defendant has violated a statute, without more, is insufficient to survive a motion to dismiss.  See, Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1064-65 (9th Cir. 2008).  Accordingly, the Court dismisses Plaintiffs' cause of action against Defendant Deutsche Bank for violation of FDCPA for failing to state a claim.

**D. Violation of California Civil Code § 2923.5**

     Although not listed in the FAC caption, Plaintiffs' FAC raises California Civil Code § 2923.5. Plaintiffs allege that, "Plaintiff was not sent a Declaration Pursuant to California Civil section 2923.5(c) by ETS Services, LLC." (Doc. No. 1, Ex. A, FAC at 2.)  Plaintiffs allege that, "[t]his paper would state under number 1, 'Contact was made with the borrower to assess

1  their financial situation and to explore options for the borrower to avoid foreclosure.' Or
2  number 2. 'No contact was made with the borrower to assess their financial situation and to
3  explore options to avoid foreclosure." (Id.) Plaintiffs further allege that, "since ETS Services,
4  LLC did not in any of their papers attempt to obey California Civil section 2923.5(c) and
5  discuss negotiations were which were to rescue the mortgage owner as the mortgage owners
6  were looking for assistance so that they would not lose their property." (Id.)

7  The Court dismisses any claim against Defendant Deutsche Bank under California Civil
8  Code § 2923.5. Plaintiffs' allegations in connection with § 2923.5 are aimed at ETS Services,
9  LLC and do not allege that Defendant Deutsche Bank failed to comply with § 2923.5.
10 Furthermore, it appears Defendants were not obligated to comply with § 2923.5. Section
11 2923.5 became operative September 6, 2008 and states:

> If a mortgagee, trustee, beneficiary, or authorized agent had already filed the
> notice of default prior to the enactment of this section and did not subsequently
> file a notice of rescission, then the mortgagee, trustee, beneficiary, or authorized
> agent shall, as part of the notice of sale filed pursuant to Section 2924f, include
> a declaration that either:
>
> (1) States that the borrower was contacted to assess the borrower's financial
> situation and to explore options for the borrower to avoid foreclosure.
>
> (2) Lists the efforts made, if any, to contact the borrower in the event no contact
> was made.

Cal. Civ. Code § 2923.5(c). In a letter to the California Senate, the author of the statute
specifically stated that, "it is not intended that Section 2923.5(c) apply to those situations
where a notice of sale has already been recorded prior to the operative date of this section."
Letter from Don Perata, President Pro Tempore of the California State Senate, to Gregory
Schmidt, Secretary of the California State Senate (Aug. 29, 2008) (published in The Senate
Daily Journal for the 2007-2008 Regular Session, pp. 5431-32.) The Notice of Default in this
case was recorded on August 16, 2007, prior to the passage of § 2923.5 on July 8, 2008, and
the Notice of Sale was recorded on August 8, 2008, prior to the operative date of the statute

on September 6, 2008.  (Doc. No. 3, Exs. 3 & 5.)  Thus, it appears that Plaintiffs cannot state a claim for relief under § 2923.5(c).

### Conclusion

For the reasons set forth above, the Court GRANTS Defendant Deutsche Bank's motion to dismiss the FAC.  As it does not appear that Plaintiffs may cure the deficiencies, the Court declines to grant leave to amend as to this Defendant.

**IT IS SO ORDERED.**

DATED: July 7, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT